IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
RHETH A. F.,                    )
                                )
         Plaintiff,             )
                                )
    v.                          )    1:21-cv-141
                                )
MARTIN J. O'MALLEY,             )
Commissioner of Social          )
Security,                       )
                                )
         Defendant.             )
```

## ORDER

This matter is before the court for review of the Memorandum Opinion and Recommendation ("Recommendation") filed on January 26, 2024, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 21.) In the Recommendation, the Magistrate Judge recommends that the Commissioner's decision denying disability be affirmed, and that this action be dismissed with prejudice. The Recommendation was served on the parties to this action on January 26, 2024. (Doc. 22.) Counsel for Plaintiff filed timely objections, (Doc. 23), to the Recommendation.

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge. . .[,] or recommit the matter to the [M]agistrate [J]udge with instructions." Id.

Plaintiff contends that "[t]he Magistrate Judge is inviting the [c]ourt to find that there is insufficient evidence to establish that [Plaintiff]'s use of a cane is medically necessary[, b]ut the issue of the medical necessity of [Plaintiff]'s cane is not properly before the [c]ourt because the issue was resolved in [Plaintiff]'s favor by the ALJ in compliance with a remand order from the Appeals Council." (Doc. 23 at 5-6.) According to Plaintiff, "[b]y acknowledging the Appeals Council's order to evaluate the necessity of use of a cane, stating that [the ALJ] complied with that order, finding that use of a cane is generally consistent with the medical evidence, and including the use of a cane in the hearing decision's RFC assessment, the ALJ ipso facto found that [Plaintiff]'s use of a cane is medically necessary." (Id. at 7.)

Plaintiff's argument falters, because it characterizes the Recommendation as having determined that the ALJ did not find Plaintiff's cane medically necessary. In fact, the Recommendation acknowledged that the ALJ included a cane for ambulation in the RFC (see Doc. 21 at 12 (quoting Tr. 26)) but recommended rejecting Plaintiff's argument that the ALJ erred by

- 2 -

Case 1:21-cv-00141-WO-LPA   Document 24   Filed 03/19/24   Page 2 of 4

failing to explain why he did not also find that Plaintiff needed the cane for standing and balancing (see id. at 12-15). In that regard, the Recommendation pointed out that, "'[t]o find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information.'" (Id. at 12 (quoting Social Security Ruling 96-9p, Policy Interpretation Ruling Titles II and XVI: Determining Capability to Do Other Work – Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work, 1996 WL 374185, at *7 (July 2, 1996) ("SSR 96-9p")).) The Recommendation correctly determined that "Plaintiff ha[d] failed to produce 'medical documentation' of his 'need for a [cane]' and 'the circumstances for which it [wa]s needed'" (id. at 12-13 (quoting SSR 96-9p, 1996 WL 374185, at *7)), and appropriately recommended finding that, because the record would not have compelled the ALJ to even find the medical necessity of a cane

for ambulation, he could not have erred by failing to extend the cane usage to standing and/or balancing (id. at 15).[1]

This court has considered Plaintiff's remaining arguments in his Objections and has made a de novo determination which is in accord with the Magistrate Judge's Recommendation. This court therefore adopts the Recommendation.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation, (Doc. 21), is **ADOPTED. IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED**, and that this action is dismissed with prejudice.

A judgment dismissing this action will be entered contemporaneously with this Order.

This the 19th day of March, 2024.

_____
United States District Judge

---

[1] Plaintiff urges that "[t]he ALJ's failure to explain why [Plaintiff] only needs a cane to assist with walking, and not to assist with standing and balancing, is not harmless error" (Doc. 23 at 9), in part, because "[t]he ALJ asked the VE at the hearing if any jobs could be performed by an individual who 'would require the cane for ambulation, but also balance during any time standing,' along with some additional restrictions," and "[t]he VE testified that there would be no jobs available." (Doc. 23 at 12 (quoting Tr. 79) (emphasis added).) Significantly, those "additional restrictions" (id.) included "absen[ce] from work a minimum of two days per month" and "less than occasional[] bend[ing], stoop[ing] or crouch[ing]" (Tr. 79), and Plaintiff's counsel did not clarify on cross-examination whether those significant limitations involving absences and less than occasional postural movements, rather than use of a cane for standing/balancing, resulted in the VE's testimony that no jobs existed that accommodated those restrictions (see Tr. 79-80).

- 4 -